UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-2822-MWF(CTSx)**                    **Date:  June 18, 2026**
Title:     *Guri Gonzalez v. Magic Dream, Inc., et al.*

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
| --- | --- |
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITHOUT PREJUDICE

On March 16, 2026, Plaintiff Guri Gonzalez commenced this action against Defendants Magic Dream, Inc. and Edwin O. Barzallo.  (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by June 15, 2026.

On March 20, 2026, the Court filed a Minute Order Re Prosecution of Certain Cases Under the Americans with Disabilities Act (the "Order").  (Docket No. 10).  The Order provides that "Proofs of Service for all Defendants must be filed within **90 days of the filing of the case** pursuant to Federal Rule of Civil Procedure 4(m).  (Order, at 1-2).

On April 24, 2026, Plaintiff filed a Proof of Service as to Defendant Magic Dream, Inc.  (Docket No. 14).  On April 27, 2026, the Court found that the Proof of Service failed to include service of the Notice to Parties Re ADA Disability Access Litigation/Application for Stay and Early Mediation, and dismissed Defendant Magic Dream, Inc.  (Docket No. 15).  No Proof of Service has been filed as to Defendant Edwin O. Barzallo.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 26-2822-MWF(CTSx)**                    **Date: June 18, 2026**
Title:       *Guri Gonzalez v. Magic Dream, Inc., et al.*

undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that the Court will dismiss this action without prejudice without further notice to Plaintiff for failure to comply with the Order.  Plaintiff has failed to timely file a proof of service as to Defendant Edwin O. Barzallo.

Accordingly, this action is **DISMISSED** *without prejudice*.

IT IS SO ORDERED.